UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONISHA SHARDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIVIANNA BECERRA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07177-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 32 |

Before the Court is pro se Plaintiff Ronisha Sharde's second amended complaint, Dkt. No. 32. The Court previously dismissed Plaintiff's prior complaint and motion for leave to proceed *in forma pauperis*, Dkt. No. 2, but granted Plaintiff an opportunity to amend. *See* Dkt. No. 31 ("Order") at 3. The Court again DENIES Plaintiff's motion.

The Court previously denied Plaintiff's *in forma pauperis* motion after finding that her prior complaint failed to state any plausible claim. Order at 3. The complaint alleged that the California Attorney General's office and several of its staff members, individuals working for the Contra Costa County District Attorney, Meta, and private individuals committed cyberstalking, harassment, identity theft, and mail fraud against Plaintiff. *See id.* at 2. The Court found that all but one of the criminal statutes Plaintiff cited did not provide a private right of action. *See id.* at 3. And while Plaintiff did have standing to bring the remaining claim, forced labor under 18 U.S.C. § 1589, the Court found that Plaintiff failed to state any facts to plausibly allege that any defendant had obtained or attempted to obtain services or labor from Plaintiff by threat or means of force. *See id.* at 4–5. Accordingly, the Court granted Plaintiff the opportunity to amend the section 1589 claim, and dismissed the remaining claims without leave to amend. *See id.* at 5. The Court's order clarified that Plaintiff was permitted to amend her complaint "as to [the section 1589] claim

only," and that "any amendment must include specific factual allegations that plausibly connect each defendant with the alleged violation of section 1589." *Id.*

Plaintiff timely filed an amended complaint on April 3, 2025. Dkt. No. 32. The amended complaint now brings claims against Meta only. *Id.* at 1, 5–6. The allegations are difficult to follow, but Plaintiff appears to allege that various Facebook and Instagram accounts used her name and photos without her consent. *Id.* at 4. The complaint appears to assert claims under California Penal Code 529, 18 U.S.C. § 241, and 18 U.S.C. § 1028; no longer includes a claim under 18 U.S.C. § 1589; and does not state any allegations related to forced labor trafficking. *Id.* at 5–6.

The Court finds that Plaintiff's amended complaint fails to state any viable claim. First, the Court granted leave to amend only as to the section 1589 claim, *see* Order at 5, but Plaintiff has removed that claim from the amended complaint. Second, as the Court previously held, Plaintiff lacks standing to bring claims under the criminal statutes she cites, as they do not grant any private right of action. *See* Order at 3 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Given Plaintiff's prior opportunity to amend the complaint, Plaintiff's history of multiple cases filed in this district in which she has been notified repeatedly of the pleading requirements, *see* Order at 3 (citing other cases), and Plaintiff's continued inability to articulate a plausible claim, the Court concludes that granting further leave to amend would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotation omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (quotation omitted).

Accordingly, the Court again **DENIES** Plaintiff's motion to proceed *in forma pauperis*. Plaintiff may proceed with this action only if she pays the $405 filing and administrative fee in full. Plaintiff must pay the full filing fee within twenty-eight days of the date of this order, or by

June 3, 2025. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

The Court also **DENIES** Plaintiff's request for sanctions, Dkt. No. 36. The request, which appears to seek sanctions on the Court itself, is based on the Clerk's standard notice reminding Plaintiff that exhibits should not be filed separately on the docket, *see* Dkt. No. 35, and an email Plaintiff alleges she received from an email address that is plainly not associated with the Court. *See* Dkt. No. 36-1 at 2.

Finally, the Court **DENIES** as moot Plaintiff's motion to reschedule case management conference, Dkt. No. 27. The Court previously vacated the case management conference. *See* Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: 5/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

3